## CARRIE E. AGNEW ET AL.
### v.
## JOHN FULTON.

JURISDICTION.—A bill in equity by the husband and heirs at law, to set aside and have declared void a warranty deed made by the deceased wife and her husband in 1853, when the wife, to whom the property had descended from her father, was still an infant. *Held*, that this court has no jurisdiction, as a freehold is involved.

ERROR to the Circuit Court of Ogle county; the Hon. JOHN V. EUSTACE, Judge, presiding. Opinion filed January 16, 1885.

Messrs. MAYBORNE & CHUMASERO, for plaintiffs in error.

Mr. M. D. HATHAWAY, for defendant in error.

PILLSBURY, J. Isaac Ross, the surviving husband of Maria Ross, deceased, and the other plaintiffs in error as her heirs at law, exhibited this bill in the Circuit Court of Ogle county against the defendant in error, to set aside and have declared void a certain warranty deed, made by the said Maria and her husband, the said Isaac, to defendant in error, Fulton, and to have the same removed as a cloud upon their title to the lands described in said deed.

The circuit court sustained a demurrer to the bill, and the complainants sued out this writ of error.

The material averments of the bill are that Sheldon Bartholomew died at Ogle county in 1846, intestate, seized in fee of the premises described, leaving him surviving his wife, Charlotte, and the said Maria, his only child and heir at law, then an infant of the age of nine years. That said Maria, in 1851, married the plaintiff in error, the said Isaac Ross, and in 1853, still being an infant and covert, she and her husband, the said Charlotte joining therein, executed and delivered to defendant in error their deed for the premises in controversy.

That said Maria Ross died intestate in 1871, and that the said Charlotte is also deceased. That defendant in error is in possession of the premises under said deed, and refuses to surrender the same to complainants or to account for the rents and profits thereof, and that said deed is a cloud upon their title, and ought to be removed, etc., and prays for account and general relief.

The point is made by plaintiffs in error that the said Maria, at the time she joined her husband in the deed to Fulton, was incapable of making a valid conveyance on account of her being married and still under the age of eighteen years, and Harrar v. Wallner, 80 Ill. 197, is relied upon as showing that her deed was void, conveying no title to defendant in error.

Conceding, for the purpose of the argument, that such deed did not operate to invest Fulton with the title of said Maria to the land in question, and for the reason assigned, it is very clear from the facts alleged that a freehold is directly involved in this cause, which deprives this court of jurisdiction to authoritatively determine the questions arising upon the record.

1. The bill avers title in Maria Ross in fee, and that her deed upon its face purports to convey the land to defendant in error, and admits that but for the disability alleged it would be effectual for such purpose. The defendant in error claims to be owner in fee under said deed. The direct effect of a decree for the complainants upon this bill would be to deprive the defendant of a *prima facie* fee simple title as shown upon the face of the deed from her through whom the complainants claim title.

Again we think the deed operates to invest the defendant in error with a freehold estate, viz., an estate for the life of Isaac Ross, whatever effect it may have upon the remainder in fee.

Upon his marriage, in 1851, to said Maria, she then being seized of the premises, he took an estate in her lands under the laws then in force, for the joint lives of himself and wife, which would determine upon the death of his wife without

issue, in his lifetime, but having children by her, these complainants, capable of inheriting the lands, he became a tenant by the curtesy initiate which became consummate upon the death of the wife in 1871, and he thereby became such tenant for his own life, and invested with a freehold estate, which inured to the defendant in error under his covenants of warranty contained in said deed, by way of estoppel.

In this view of the case, had we the power we should be inclined to modify the decree of the court, so that the dismissal of the bill should be without prejudice to any proceedings that might be instituted after the termination of the life estate in the lands.

Having no jurisdiction, for the reasons stated we can only dismiss the writ of error, and such will be the order.

Writ of error dismissed.